UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WASTE MANAGEMENT DATA BREACH LITIGATION | Case No. 1:21-CV-06199-DLC |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the undersigned, that the following Stipulated Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, and other written, recorded, or graphic matter, including any information contained therein or derived therefrom that a party asserts contains protected Confidential information (hereinafter sometimes referred to as "Protected Discovery Material"), produced or exchanged during discovery in this action by any party, their representatives, agents, experts and consultants, all third parties providing discovery in this action (the "Action"), and all other interested persons with actual or constructive notice of this Order.

1. All "Protected Discovery Material" shall be used by the party receiving such Protected Discovery Material solely for purposes of preparing for and conducting pre-trial, post-trial, collection, and appellate proceedings in this Action. Protected Discovery Material shall not be used for any other business, commercial, or competitive purposes; shall not be used in any other action or proceeding (including, but not limited to, arbitration, mediation, or any other formal or informal dispute resolution process other than for the purpose of resolving the claims in this action); and shall not be used for the issuance of press releases or the dissemination of any information related to this action to the press or to any third parties. This restriction on use is

equally applicable to documents and any other material summarizing, referencing, or incorporating Protected Discovery Material.

2. Any person subject to this Order who receives from any other person any Protected Discovery Material, including but not limited to information of any kind – whether in documents, testimony, or any other form – provided in the course of this Action, that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively, "Protected Discovery Material") pursuant to the terms of this Order shall not disclose such Protected Discovery Material to anyone else except as expressly permitted by this Order.

3. In responding to a request for discovery, the producing party (or any other party to this litigation) may designate as "Confidential" any Discovery Material or portion of Discovery Material that the designating party in good faith believes contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the designating party, adversely affect a party's privacy obligations or policies, business, commercial, financial, or personal interests.

4. In responding to a request for discovery, the producing party (or any other party to this litigation) may designate as "Highly Confidential – Attorneys' Eyes Only" any Discovery Material or portion of Discovery Material that the designating party in good faith believes contains highly sensitive trade secrets or confidential business or financial information, the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, customer, commercial, market, financial, or business information.

5. With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such

portion protected by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony and/or deposition exhibits may be designated as Protected Discovery Material either on the record during the deposition or within twenty (20) business days of receipt of the final transcript and/or exhibits, provided that all testimony, exhibits, and rough and final transcripts of depositions or other testimony shall be treated as Highly Confidential Protected Discovery Material until such twenty-day period has expired. All portions of depositions or other pre-trial testimony in which Protected Discovery Material is used or discussed shall be presumptively treated as Protected Discovery Material. The legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be affixed to each page of the original transcript containing the Protected Discovery Material, and to each corresponding page of all copies of such transcript. Only those portions of each transcript designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in this action shall be deemed Protected Discovery Material. The use of Protected Discovery Material in connection with depositions or other pre-trial testimony shall be subject to the provisions of Sections 7 and 8, below.

6. At any time prior to the trial of this Action, any Protected Discovery Material, including inadvertently produced materials, may (a) be designated by the producing party as Confidential or Highly Confidential by informing all parties in writing that the Protected Discovery Materials should be treated as such under this Order; and/or (b) be re-designated as Confidential or Highly Confidential by informing all parties in writing that the Protected Discovery Materials should be treated as such under this Order.

7. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated as Confidential by the producing party to any other person, except:

   a. in-house counsel or outside counsel to the parties in connection with this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   b. the parties to this action and the current and/or former directors, officers, or employees of the parties to the extent their access is reasonably necessary for the party's participation in this action;

   c. any non-party witness called to testify at deposition or trial in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

   d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   e. any person retained by or on behalf of a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including but not limited to e-discovery vendors and financial advisors, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

   f. stenographers engaged to transcribe depositions conducted in this action;

   g. any mediator or arbitrator that the parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order; and

   h. the Court and its support personnel.

8. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated as Highly Confidential by the producing party to any other person, except:

   a. in-house counsel or outside counsel to the parties in connection with this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   b. any non-party, non-expert witness noticed to testify at deposition or trial in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order, and that the non-party witness may not (1) permanently keep a copy of the Highly Confidential Discovery Material; (2) to the extent reasonably practical, view the Highly Confidential Discovery Material outside the direct supervision of counsel; (3) take notes concerning the content of the Highly Confidential Discovery Material unless those notes are destroyed following testimony; (4) discuss with or disclose to other employees or non-expert third parties the contents of the Highly Confidential Discovery Material; and/or (5) use the Highly Confidential Discovery Material for any purpose other than in connection with this action;

   c. any person retained by or on behalf of a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including but not limited to e-discovery vendors and financial advisors, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

   d. stenographers engaged to transcribe depositions conducted in this action;

    e. any mediator or arbitrator that the parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order; and

    f. the Court and its support personnel.

9. Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 7(c), 7(e), 7(g), 8(b), 8(c), or 8(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

10. All Protected Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Discovery Material, shall be filed under seal in accordance with the relevant rules and procedures of the Court and kept under seal until further order of the Court. All materials filed under seal shall be available to the Court, and to counsel for the parties that have agreed to this Order, for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Protected Discovery Material and need not be preserved under seal. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

11. Entering into this Order, producing, or receiving Protected Discovery Material (or agreeing to do so) or otherwise complying with this Order shall not:

    a. operate as an admission that any particular designated Protected Discovery Material contains or reflects trade secrets or any other type of confidential information;

    b. prejudice in any way the rights of a producing party to object to the production of documents, testimony, or other material that such party considers not subject to discovery;

    c. prevent the parties to this Order from agreeing in writing to amend, alter, or waive the provisions or protections provided for herein with respect to any particular material; or

    d. prevent the receiving or non-designating party from challenging the Confidential or Highly Confidential designation of any document or any portion thereof.

12. This Order shall not apply to (a) any producing party's use of its own Discovery Material, including Protected Discovery Material, for any purpose; (b) any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose; and (c) any Discovery Material that is obtained by the receiving party from any source other than the producing party subsequent to the date hereof; provided that the production of Discovery Material by any such source to the receiving party shall not be known by the receiving party, after due inquiry, to be in violation of any confidentiality obligation.

13. Should the need arise for any of the parties to disclose Protected Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Protected Discovery Material. The party wishing to disclose Protected Discovery Material at any hearing or trial before the Court shall provide reasonable notice to the producing party sufficient to allow the producing party to seek appropriate relief from the Court to the extent reasonably feasible.

14. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure, may, within thirty (30) days of the production or disclosure of such Protected Discovery Material, serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If, after making a good faith effort to resolve any such objection via a meet and confer, the parties cannot reach an agreement respecting the objection or request, the producing party may move on reasonable notice to the objecting party for an order from this Court upholding the designation. While such an application is pending, the document, testimony, or other information in question shall be treated as Protected Discovery Material, as directed by the designating party, pursuant to this Order. The producing party shall have the burden of persuading the Court that good cause exists for the designation of Protected Discovery Material.

15. Each person who has access to Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege, or information which is non-responsive or irrelevant to the subject matter of the litigation (collectively, the "Inadvertently Disclosed Information"), such disclosure shall not automatically constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection or any other waiver with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, make reasonable efforts to return, delete, or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, deleted, or destroyed by all reasonable efforts. A receiving party

may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal.

18. The terms of this Order may be modified either upon agreement in writing by the parties or by the Court after notice to the parties and an opportunity to be heard has been provided.

19. This Order shall survive the termination of the litigation, and the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose any sanctions for any contempt thereof.

20. Upon termination of this action, the parties receiving Protected Discovery Material shall either (a) undertake reasonable efforts to return such material and all copies thereof to counsel for the party that produced it, or (b) undertake reasonable efforts to destroy or delete all such Protected Discovery Material in their possession in a manner that ensures that such material will not be disclosed or disseminated or recovered by any person. Outside counsel for the parties shall be entitled to retain all Court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work product disclosing or containing Protected Discovery Material, including such materials containing, quoting, discussing, or analyzing Protected Discovery Material, provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, transcripts, exhibits or attorney work product containing Protected Discovery Material, to any person except on reasonable notice to the producing party and either pursuant to Court order, regulatory requirement, or subpoena, or by agreement with the party that produced the Protected Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. "Final disposition of this action" means after all appeal periods have expired or after the execution of a

settlement agreement among all the parties finally disposing of this action, and, in any event, not before the completion of all collection proceedings.

21. Nothing in the provisions of this Order shall be construed as authorizing or encouraging a receiving party to disobey a lawful directive from another court. Subpoenas and orders from another court compelling disclosure of Protected Discovery Material shall be handled as follows:

    a. If a receiving party is served with a subpoena or an order from another court that would compel disclosure of Protected Discovery Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than seven (7) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver, upon request, a copy of this Order promptly to the party that caused the subpoena or order to issue.

    c. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party an opportunity to protect its Protected Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and expense of seeking protection in that court.

22. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to

the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

23. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

24. This Order shall become effective when entered by the Court and shall operate retroactively to the inception of the case.

Dated: December 15, 2021

/s/ Stephanie Lindemuth
Stephanie Lindemuth
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
One Bryant Park
New York, NY 10036
Tel: (212) 872-1062 / Fax: (212) 872-1002
slindemuth@akingump.com

Michelle A. Reed (*pro hac vice*)
Elizabeth D. Scott (*pro hac vice*)
Haley M. High (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
2300 North Field Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 969-2800 / Fax: (214) 969-4343
mreed@akingump.com
edscott@akingump.com
hhigh@akingump.com

*Counsel for Defendant USA Waste-Management Resources, LLC*

/s/ Gayle M. Blatt
Gayle M. Blatt (*pro hac vice*)
Michael Benke
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101-1486
Tel: (619) 238-1811 / Fax: (619) 544-9232
gmb@cglaw.com

*Lead Plaintiff's Counsel*

**So Ordered:**

Dated: December 16, 2021
New York, New York

_____
Honorable Denise Cote
United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WASTE MANAGEMENT DATA BREACH LITIGATION | Case No. 1:21-CV-6199-DLC |

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Stipulated Protective Order (the "Order") entered in this action. I agree that I will not disclose any Protected Discovery Material (as defined in the Order) produced in this litigation to anyone other than for purposes of this litigation and except in a manner provided for in the Order. At the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Signature

## SIGNATURE CERTIFICATION

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Polices and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant in this action and that I have obtained Defendant's counsel's authorization to affix her electronic signature to this document.

By /s/ Gayle M. Blatt
Gayle M. Blatt (pro hac vice)
Michael Benke
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101-1486
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com

Lead Plaintiff's Counsel