UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WASTE MANAGEMENT DATA BREACH LITIGATION | Case No. 1:21-cv-06199-DLC |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM

WHEREAS, a class action is pending before the Court entitled *In re Waste Management Data Breach Litigation*, No. 21-cv-06199-DLC (S.D.N.Y.) (the "Action");

WHEREAS, Janie Marcaurel, Gabriel Fierro, Shelby Ingram, Mark Krenzer, Mary J. Fusilier, Clifford Harris, Nolan Brodie, Miguel Montelongo, Gerald Davis, Steven Dudley, Edward Couture, Rafael Moran, and Mary Chubbuck (collectively, "Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class, and Defendant USA Waste-Management Resources, LLC ("WM" or "Defendant," and together with Plaintiffs, the "Parties"), have agreed to settle Plaintiffs' claims related to an incident in which an unauthorized third party gained access to certain WM systems (the "Data Security Incident");

WHEREAS, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

WHEREAS, the Parties reached a settlement as a result of extensive arm's-length negotiations between the Parties and their counsel, occurring over the course of a number of months and multiple mediation sessions with JAMS mediator Bruce Friedman; and

WHEREAS, the Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to WM for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Settlement Class Members, and WM, and venue is proper in this District.

Settlement Class Certification

3. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii) that it will likely be able to certify the Settlement Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons:

(a) The Settlement Class is ascertainable, as the class definition is based on objective criteria;

(b) The Settlement Class is sufficiently numerous to satisfy Fed. R. Civ. P. 23(a)(1);

(c) The Settlement Class shares an overriding common question sufficient to satisfy Fed. R. Civ. P. 23(a)(2);

(d) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because the Plaintiffs' claims are typical of those of the Settlement Class Members they seek to represent;

(e) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because the Plaintiffs are adequate representatives of the Settlement Class, and Plaintiffs' counsel has the qualifications and experience necessary to serve as Class Counsel on behalf of the Settlement Class; and

(f) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a predominant common question in this litigation can be resolved on a class wide basis. Further, the class action device is superior to other methods of resolving the issues in this litigation, including hundreds of individual lawsuits.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class defined as follows:

> **Settlement Class:** All individuals to whom Defendant sent notice of the January 2021 Data Security Incident, which is the subject of the instant litigation.

5. Excluded from the Settlement Class are all Settlement Class Members who timely and validly submit a Request for Exclusion and opt-out of the Settlement Class; the Judge(s) or Magistrate Judge(s) to whom the Action is assigned and any member of those Judges' staffs or immediate family members; and any members or employees of Defendant's Counsel.

6. The Court hereby appoints Plaintiffs Janie Marcaurel, Gabriel Fierro, Shelby Ingram, Mark Krenzer, Mary J. Fusilier, Clifford Harris, Nolan Brodie, Miguel Montelongo, Gerald Davis, Steven Dudley, Edward Couture, Rafael Moran, and Mary Chubbuck as Class Representatives.

7. The Court hereby appoints Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt Penfield LLP as Class Counsel.

Preliminary Approval

8. Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against WM.

9. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(A) that the Parties have provided sufficient information for it to be able to determine whether to give notice of the settlement to the Settlement Class.

10. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement Agreement.

11. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against WM. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class. The Court also preliminarily finds that the Settlement Agreement: (a) is the result of ~~serious, informed, non-collusive~~ arm's-length negotiations involving experienced counsel familiar with the legal and

factual issues of this case and made with the assistance of JAMS mediator Bruce Friedman; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by WM.

Notice and Administration

12.     Epiq Systems, Inc. is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

13.     The Court finds that the Notice Program and all forms of Class Notice as set forth in the Settlement Agreement and Exhibits 2-3 thereto are reasonably calculated to, under all circumstances, apprise the Settlement Class Members of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of Settlement Class Members to object to the Settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

14.     The Court thus hereby approves the Notice Program, including the proposed Notice documents ~~attached as Exhibits 2-3 to the Settlement Agreement~~ filed on November 9, 2023. The Court also approves the plan for Claims administration, including the Claim Form attached as Exhibit 4 to the Settlement Agreement. The Parties may, by agreement, revise the Class Notice or Claim Form documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

15. Pursuant to the Settlement Agreement and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, the Settlement Administrator will provide Class Notice pursuant to the Notice Program as follows:

   a. The Settlement Administrator, within thirty (30) days after the entry of the Preliminary Approval Order or as soon thereafter as is feasible for the Settlement Administrator (the "Class Notice Date"), shall mail a copy of the Postcard Notice via United States Postal Service ("USPS") first class mail to all Settlement Class Members for whom WM can ascertain a mailing address from its records with reasonable effort.

   b. For Settlement Class Members for whom WM is not able to ascertain a mailing address from its records with reasonable effort, the Settlement Administrator shall use reasonable efforts to identify a mailing address and mail a copy of the Postcard Notice to such address.

   c. For any Postcard Notices that are returned undeliverable, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and resend the Postcard Notice to the extent updated addresses are identified. The Settlement Administrator need make only one attempt to resend any Postcard Notices that are returned as undeliverable.

   d. By the Class Notice Date, the Settlement Administrator shall post the Detailed Notice on the Settlement Website in accordance with the requirements set forth in the Settlement Agreement.

16. All Settlement Class Members are eligible to enroll in two (2) years of the Identity Theft Protection and Credit Monitoring Package, free of charge to the Settlement Class Member, in accordance with the terms of the Settlement Agreement.

17. Settlement Class Members who wish to receive monetary benefits under the Settlement Agreement must complete and submit a valid Claim Form seeking reimbursement for documented Ordinary Expenses and/or Extraordinary Expenses that have not been reimbursed or are otherwise not reimbursable through other reasonable means and/or compensation for time the Settlement Class Member attests was spent responding to or addressing issues relating to the Data Security Incident.

18. Not later than ten (10) days after the filing of the Settlement Agreement with the Court, the Settlement Administrator, on Defendant's behalf, shall serve or cause to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. §1715, *et seq*.

Exclusions

19. Settlement Class Members who wish to exclude themselves from the Settlement Class for purposes of this Settlement may do so by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than forty-five (45) days after the Class Notice Date. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement. Each Settlement Class Member desiring to exclude himself or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Class Notice. The Request for Exclusion shall (i) state the Settlement Class Member's full name and current address, (ii) be personally signed, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class. Only one individual may be

7

excluded from the Settlement Class per each written notification. No group opt-outs from the Settlement Class shall be permitted.

20. Any Settlement Class Member who timely submits a Request for Exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement. Settlement Class Members who do not submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement and the final judgment.

Objections

21. Any Settlement Class Member who has not timely filed a Request for Exclusion may object to the granting of final approval of the Settlement. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

22. Any written objection to the Settlement must include: (i) the objector's full name, current address, current telephone number, and personal signature; (ii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Class Notice he or she received; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (iv) copies of any documents that the objector wishes to submit in support of his/her position; (v) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing; (vi) whether the objecting Settlement Class Member is represented by counsel and if so, the name, address, and telephone number of his/her counsel; and (vii) all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement, including the case name, court, and docket number for each.

23. Written notice of an objection must be electronically filed via the Court's ECF System, or delivered to the Clerk of the Court by mail, express mail, or personal delivery. To be considered timely, the objection must be received by the Clerk of the Court (not just postmarked

or sent) on or before the Objection Deadline, i.e., forty-five (45) days from the Class Notice Date or such date as otherwise ordered by the Court. If the notice of objection is not electronically filed via the Court's ECF System, and is either mailed or personally delivered to the Court, copies must also be served by mail upon Gayle M. Blatt, Class Counsel, as designated in the Notice.

24. Any Settlement Class Member who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

Final Approval Hearing

25. A "Final Approval Hearing" shall be held before this Court on _March 15_, 2024 at _10:00 a.m._ in-person at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, courtroom 18B, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a Service Award to the Class Representatives and in what amount. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

26. By no later than fourteen (14) days prior to the Objection Deadline, Class Counsel shall file with the Court a motion supporting the Class Counsels' Fees and Expenses and requested Service Awards and shall post the motion on the Settlement Website once filed.

9

27. Papers in support of final approval of the Settlement Agreement shall also be filed with the Court no later than fourteen (14) days prior to the Objection Deadline or twenty-one (21) days prior to the Final Approval Hearing, whichever comes first.

Miscellaneous Provisions

28. To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims. Settlement Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

29. All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

30. In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on [insert date of filing] November 15, 2023, in accordance with this paragraph. Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement

or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

**IT IS ORDERED.**

Dated: _November 15_, 2023

                                                                  **Hon. Denise Cote**
                                                                  **United States District Judge**